Clerk's Copy

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

FILED AT ALBUQUERQUE NM
MAY 1 5 2000
ROBERT M. MARCH
CLERK

MONTIE WESTMORELAND,
IRVIN VAN NEWKIRK,
H. ROY CARROL,

    Plaintiff,

v.

No. CIV-00-0099 MV/KBM

TOM NEWTON, WARDEN, CIBOLA COUNTY
CORRECTIONAL CENTER/CORRECTIONS
CORPORATION OF AMERICA,
JAMES SPALDING, DIRECTOR, IDAHO
DEPARTMENT OF CORRECTION,
JOHN DOE I, CHAIRMAN,
IDAHO BOARD OF CORRECTION, AND
JOHN DOES II THROUGH X, INCLUSIVE,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court *sua sponte* to review Plaintiffs' civil rights complaint under 28 U.S.C. § 1915(e)(2) and Fed.R.Civ.P. 12(b)(6). For the reasons below, certain of Plaintiffs' claims will be dismissed. Also under consideration are Plaintiffs' motions for appointment of counsel (Doc. #5) and for protective order (Doc. #6) filed January 24, 2000. These motions will be denied. Rulings on the motions to dispense with requirement of security (Doc. #7) and for injunctive relief (Doc. #8) will be deferred. The motion to amend (Doc. #11) filed March 16, 2000, will be denied as moot. Plaintiffs are incarcerated, appearing pro se, and proceeding in forma pauperis.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if the action . . . is frivolous or malicious; [or] fails to state a claim upon which relief may be granted." The Court may also dismiss a complaint *sua sponte* under Fed.R.Civ.P.

12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Oklahoma Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but is mindful that the complaint must be liberally construed. *Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

Plaintiffs are Idaho convicts who have been transferred to a private correctional institution in New Mexico. In summary, Plaintiffs allege the prison is overcrowded, most facilities and supplies are inadequate, inmate classification is "perfunctory," inmate mail is improperly opened and read, access to the law library is insufficient, and long-distance phone charges are set illegally. The complaint asserts violations of the First, Eighth, and Fourteenth Amendments, as well as contractual and state law protections, and seeks damages and equitable relief. Plaintiffs state that they have attempted to exhaust available administrative procedures.

Plaintiffs' claim for denial of access to a law library requires that they "establish relevant actual injury," *Lewis v. Casey*, 518 U.S. 343, 351 (1996), resulting from officials' actively interfering with their attempts to prepare and file legal documents. *Id.* at 350. The Supreme Court's "main concern here is 'protecting the ability of an inmate to prepare a petition or complaint.'" *Bounds v. Smith*, 430 U.S. 817, 828 n.17 (1977) (quoting *Wolff v. McDonnell*, 418 U.S. 539, 576 (1974)). Plaintiffs' § 1983 action may not be based on claims of an "abstract, free-standing right to a law library or legal assistance, . . . [or] that his prison's law library or legal assistance program is sub-par in some theoretical sense." *Lewis*, 518 U.S. at 351. Because the Constitution does not ensure the access requested by Plaintiffs, and because Plaintiffs do not allege any active interference with preparation

2

and filing of papers, no relief can be granted on this claim. The claim will be dismissed.

No relief can be granted on Plaintiffs' allegations of "perfunctory" inmate classification. First, Plaintiffs have no due process rights to a particular classification. *Templeman v. Gunter*, 16 F.3d 367, 369 (10th Cir.1994); *but see Duffy v. Uphoff*, No. 96-8017, 1997 WL 82482, at **2 (10th Cir. 1997) (due process may protect inmate from arbitrary changes in classification that are outrageous or shock the conscience). And second, as above, Plaintiffs allege no "relevant actual injury," *Lewis*, 518 U.S. at 351, resulting from Defendants' failure to follow regulations. This claim will be dismissed.

Judgment will be entered in favor of Defendants on Plaintiff's claims for improper inmate classification and denial of access to a law library. Dismissal of these claims against Defendants is "an ultimate disposition of an individual claim entered in the course of a multiple claims action." *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 436 (1956), *quoted in Wheeler Mach. Co. v. Mountain States Mineral Enter., Inc.*, 696 F.2d 787, 789 (10th Cir. 1983). The Court therefore expressly determines that there is no just reason for delay of entry of judgment on the order of dismissal, and will direct entry of final judgment in favor of Defendants on Plaintiff's claims for improper inmate classification and denial of access to a law library. Fed.R.Civ.P. 54(b).

The motion for appointment of counsel will be denied. Factors the Court weighs when considering a motion for appointment of counsel in a civil rights case include " 'the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims.' " *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (quoting *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991)). Accordingly, the Court having reviewed the complaint in light of the foregoing factors finds that Plaintiffs understand the issues in the case and appear to be representing themselves in an intelligent and capable manner. *Lucero v. Gunter*, 52 F.3d 874, 878 (10th Cir. 1995). Plaintiffs are reminded

that each of them must sign every motion or pleading filed with the Court in this case. Fed.R.Civ.P. 11; D.N.M.LR-Civ 10.3(b); *Cotner v. Hopkins*, 795 F.2d 900, 902 (10th Cir. 1986).

The motion for protective order will be denied for lack of supporting factual allegations against New Mexico parties. The motion to amend will be denied as moot because an amended complaint may be filed "as a matter of course . . . before a responsive pleading is served." Fed.R.Civ.P. 15(a). Plaintiffs will be allowed a reasonable time to identify and serve unnamed Doe Defendants.

IT IS THEREFORE ORDERED that Plaintiffs' claims for improper inmate classification and denial of access to a law library are DISMISSED with prejudice; and a form of judgment will be entered in accordance with this opinion;

IT IS FURTHER ORDERED that Plaintiffs' motions for appointment of counsel (Doc. #5) and for protective order (Doc. #6) filed January 24, 2000, are DENIED; and rulings on the motions to dispense with requirement of security (Doc. #7) and for injunctive relief (Doc. #8) are DEFERRED;

IT IS FURTHER ORDERED that the motion to amend (Doc. #11) filed March 16, 2000, is DENIED as moot; the Clerk is directed to add the name of Defendant Russell to the docket and to issue summonses, with notice and waiver forms, for named Defendants; and Defendants are directed to respond to the motions to dispense with requirement of security (Doc. #7) and for injunctive relief (Doc. #8) within fourteen days after serving and filing their answer or motion under Fed.R.Civ.P. 12(a) and (b).

_____
UNITED STATES DISTRICT JUDGE

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MONTIE WESTMORELAND,
IRVIN VAN NEWKIRK,
H. ROY CARROL,

    Plaintiff,

v.    No. CIV-00-0099 MV/KBM

TOM NEWTON, WARDEN, CIBOLA COUNTY
CORRECTIONAL CENTER/CORRECTIONS
CORPORATION OF AMERICA,
JAMES SPALDING, DIRECTOR, IDAHO
DEPARTMENT OF CORRECTION,
JOHN DOE I, CHAIRMAN,
IDAHO BOARD OF CORRECTION, AND
JOHN DOES II THROUGH X, INCLUSIVE,

    Defendants.

## PARTIAL FINAL JUDGMENT AND ORDER OF DISMISSAL

This matter having come before the Court sua sponte under 28 U.S.C. § 1915(e)(2) and Fed.R.Civ.P. 12(b)(6) to review Plaintiff's civil rights complaint; Plaintiff being incarcerated, appearing pro se and proceeding in forma pauperis; and the Court having entered a memorandum opinion and order this date dismissing certain of Plaintiff's claims,

IT IS THEREFORE ORDERED that JUDGMENT is hereby entered in favor of Defendants on Plaintiffs' claims for improper inmate classification and denial of access to a law library, and these claims are DISMISSED with prejudice.

_____
UNITED STATES DISTRICT JUDGE

